IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JONATHAN HAAS, M.D.                   :
                                      :
    Plaintiff,                        :
                                      :   CIVIL ACTION NO. 3:CV-03-1966
    vs.                               :
                                      :   (JUDGE CAPUTO)
WYOMING VALLEY HEALTH                 :
CARE SYSTEM,                          :
                                      :
    Defendant.                        :

## MEMORANDUM ORDER

Pursuant to a discovery dispute between the parties, and my Order of September 16, 2005, I have conducted an *in camera* review of the Credentialing Files of Wyoming Valley Health Care System for the years 1998 through the present. I have determined that there is no evidence which is not privileged and which is relevant to the circumstances of Dr. Haas (or calculated to lead to the discovery of admissible evidence), with the exception of Dr. "B", who was denied privileges because of some patient care issues. Pursuant to 42 C.F.R. § 2.1(b)(2)(c), it is my view that the information concerning Dr. "B" should be made available to Plaintiff under conditions of Dr. "B's" anonymity. Moreover, the identity of any patient is likewise to remain anonymous. Plaintiff should have awareness of Dr. "B's" behavior, and the Defendant's action regarding the same.

I have also conducted an *in camera* review of the Wyoming Valley Health Care System's Credentialing Committee Meeting Minutes for the years 1998 through the present, and I find nothing which is not privileged and which is relevant or calculated to lead to the discovery of admissible evidence, with the exception of

all references to Dr. Haas which are contained at Bates 754, 831, 949, 1245, 1263, 1264, 1312, 1313, 1461 and 1564.

I have likewise conducted an *in camera* review of the minutes of the Medical Executive Committee of Wyoming Valley Health Care System, and I find nothing which is not privileged and which is relevant or calculated to lead to the discovery of admissible evidence with the exceptions of Bates 553, 824, 963, 983, 984, 994, 996 and 997 (through item #3).

Those Bates pages which do not deal with Dr. Haas shall be redacted so as to preserve the anonymity of the individual who is the subject of the minutes.

NOW THEREFORE, IT IS HEREBY ORDERED this 18th day of November, 2005, that Defendant shall:

(1) Produce the credentialing file of Dr. "B" with the name of Dr. "B" and any patients redacted;

(2) Produce from the Wyoming Valley Health Care System's Credentialing Committee Meeting Minutes Bates 754, 831, 949, 1245, 1263, 1264, 1312, 1313, 1461 and 1564; and,

(3) Produce from the Wyoming Valley Health Care System's Medical Executive Committee Meeting Minutes Bates 553, 824, 963, 983, 984, 994, 996 and 997 (through item #3). The name of the individual physician shall be redacted from Bates 983, 984, 994, 996 and 997.

(4)   Counsel shall contact my chambers with respect to making arrangements for the return of *in camera* documents within twenty (20) days of the date of this Order.

_____
A. Richard Caputo
United States District Judge