# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JONATHAN HAAS, M.D.,

    Plaintiff,

v.

WYOMING VALLEY HEALTH CARE SYSTEM,

    Defendant.

CIVIL ACTION NO. 3:03-CV-1966

(JUDGE CAPUTO)

## **MEMORANDUM**

Before me is Plaintiff's Motion in Limine to Exclude the Testimony of David Shulkin, M.D. and David DiGiacomo, M.D. (Doc. 62). Plaintiff contends the testimony of both proffered experts fails to satisfy Rule 702 of the Federal Rules of Evidence which states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of this case.

F.R.E. 702.

Plaintiff likewise claims they fail to meet the requirements of *Daubert & Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592 (1993) and cases decided thereafter and thereunder. In performing the gate-keeping function proscribed by *Daubert*, this court is to determine whether the proffered expert is qualified, whether the testimony is relevant, whether it is reliable, and whether it fits, *United States v. Downing*, 753 F.2d 1224, 1226 (3d Cir. 1985). This "fit" requirement was explicitly adopted by the U.S. Supreme Court in

*Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591 (1993).

Both Dr. Shulkin and Dr. DiGiacomo are qualified by their education and experience to testify on the subjects contained in this report. The fact that Dr. Shulkin has no knowledge of the availability of orthopedic surgeons to accompany Plaintiff in the operating room is of no moment. The unavailability does not obviate what might otherwise be an appropriate determination in the credentialing process. Dr. Shulkin's specialized knowledge regarding administration, credentialing, quality of care and patient safety are adequate to qualify him to offer the opinions he offers. The fact that he has no specific training or knowledge of the medical conditions experienced by Plaintiff is not necessary to his qualification.

Dr. DiGiacomo is also qualified. His training and experience in psychiatry qualify him to opine on the conditions imposed on Plaintiff because of his specialized knowledge of psychiatric conditions.

Both experts have relevant testimony to offer that will assist the trier of fact. With respect to both experts there is a " valid . . . connection to the pertinent inquiry . . ." *Daubert* 509 U.S. at 592. It is clear that the testimony concerns the process of credentialing, covers concern over patient safety in balance with an individual's privileges to practice medicine, and measures the appropriate consideration of such concerns with the medical condition in the case of the Plaintiff. Each of the proffered expert's testimony covers a component of each of these areas of "pertinent inquiry".

Moreover, for all of the reasons noted on relevance, I conclude that the proffered testimony is reliable and that the proffered testimony fits the case.

Many of the Plaintiff's arguments go to the credibility of these witnesses, and are appropriate inquiry for cross examination. I include in this classification the completeness

of review (there seems to be a dispute about whether Dr. DiGiacomo received Dr. Felins letter and Dr. Mazza's note) and the particular specialties, or lack thereof, of the two doctors.

Accordingly, Plaintiff's motion will be denied.

Plaintiff has asked that he be granted thirty (30) days to secure an expert opposing Dr. Shulkin and Dr. DeGiacomo.  While I will grant the extension, expert discovery should be completed in accordance with the Case Management Order regardless of a party's contention that the opposition's experts should not be permitted to testify.

An appropriate Order follows.


Date: February 8, 2007                              /s/ A. Richard Caputo
                                                                    A. Richard Caputo
                                                                    United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JONATHAN HAAS, M.D., | |
| Plaintiff, | CIVIL ACTION NO. 3:03-CV-1966 |
| v. | (JUDGE CAPUTO) |
| WYOMING VALLEY HEALTH CARE SYSTEM, | |
| Defendant. | |

## ORDER

NOW, this 8th day of February, 2007, IT IS HEREBY ORDERED that Plaintiff's Motion in Limine to Exclude the Testimony of David Shulkin, M.D. and David DiGiacomo, M.D. (Doc. 61) is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff shall have thirty (30) days from the date of this Order to obtain a report from a rebuttal expert.


/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge